IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02344-OES

ROBERT JAMES WALTON,

      Applicant,

v.

H. R. RIOS, Jr., Warden,

      Respondent.

_____

ORDER CONSTRUING ACTION AS A PRISONER COMPLAINT AND DIRECTING
APPLICANT TO FILE A COMPLAINT AND A PRISONER'S MOTION AND AFFIDAVIT
FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

_____

      Applicant Robert James Walton is in the custody of the United States Bureau of

Prisons at FPC Florence.  Mr. Walton has filed a *pro se* Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241.

      The Court has reviewed the Application and finds that Mr. Walton is asserting

civil rights claims rather than habeas corpus claims.  Mr. Walton complains, that in

violation of his Eighth Amendment rights, Defendants are being deliberately indifferent

to his medical needs and denying him pain medications.  Applicant seeks release

from prison so that he may seek adequate medical treatment.  He, however, has failed

to specify how he has exhausted his administrative remedies pursuant to the BOP

administrative remedy program available to federal prisoners under 28 C.F.R.

§§ 542.10 - 542.19.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Furthermore, medical mistreatment is not cognizable in a federal habeas corpus action. *See United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979).

Mr. Walton will be ordered to complete the proper Prisoner Complaint form and submit the completed form to the Court if he wishes to pursue his claims.  Mr. Walton must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Walton also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, as opposed to the Motion and Affidavit submitted previously that is used when filing a § 2241 application.

Plaintiff should note that 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.  Plaintiff is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions.  Therefore, he must exhaust the available administrative remedies.

The administrative remedy program allows inmates to "seek formal review of an issue which relates to any aspect of their confinement, . . . if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10.  To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. § 542.14-15.  If Plaintiff does not receive a response to the grievance within the time allowed the inmate may consider the absence of a response to be a denial at that level and may proceed to the next level.  Accordingly, it is

ORDERED that the action is construed as a civil complaint filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that the Clerk of the Court shall change the Docket in the instant filing to reflect the proper nature of the action.  It is

FURTHER ORDERED that Mr. Walton complete and file with the Court a Prisoner Complaint form **within thirty (30) days from the date of this Order**.  It is

FURTHER ORDERED that Mr. Walton complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative pay the filing fee within **thirty days from the date of this Order**.  It is

FURTHER ORDERED that, so the Clerk of the Court may determine the appropriate initial partial filing fee, Mr. Walton submit a certified copy of his trust fund account statement within **thirty (30) days from the date of this Order**.  It is

3

FURTHER ORDERED that the Clerk of the Court mail to Mr. Walton two copies of the following forms:  Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that if Mr. Walton fails to complete and file with the Court a Prisoner Complaint, the Motion and Affidavit, and the certified copy of his trust fund account statement **within thirty (30) days from the date of this Order**, the action will be dismissed without prejudice and without further notice.  It is

FURTHER ORDERED that the Court will not review the merits of the Prisoner Complaint until Mr. Walton has filed the Prisoner Complaint, the Motion and Affidavit, and the certified copy of his trust fund account statement.

DATED at Denver, Colorado, this ___1___ day of ___December___, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02344-OES

Robert James Walton
Reg. No. 18486-008
FCI
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on _12-1-05_

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk